UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL J. WIK,

                Plaintiff,

v.

ROBERT C. NOONAN,

                Defendant.

Case # 12-CV-6400-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Daniel J. Wik commenced this lawsuit against Robert C. Noonan who, at the time of the complained of events, was an Acting Supreme Court Justice for the State of New York[1]. While the Complaint recites some thirteen causes of action, they all relate to Judge Noonan's alleged failure to issue a "Common Law Writ of Habeas corpus" that Plaintiff alleges he petitioned for on July 28, 2010. Dkt. #1.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Judge Noonan has moved to dismiss the Complaint, arguing that he is immune from suit under the doctrine of judicial immunity. Dkt. # 3. Plaintiff has responded to the motion, and argues, *inter alia*, that the issuance of a Writ of Habeas Corpus is a "ministerial duty" and not a judicial function, and that

---

[1] Plaintiff's filings are replete with statements such as "The State of New York is different and not the same as the state of New York," Dkt. #1, ¶34, that "Plaintiff petitioned the Courts of the state of New York (the state) not the State of New York (this state)," Dkt. #6, ¶11, and "The entity THE STATE OF NEW YORK which appears in the statutes as the 'State of New York' is separate and unique to the 'state of New York' and the law specifically differentiate between the two and use distinguishing words such as 'the state' and 'this state,'" Dkt. #6 , ¶35, or that Plaintiff "stands on the ground in the state of New York not THE STATE OF NEW YORK or The State of New York." Dkt. #6, ¶96. These statements are completely nonsensical, and do not change the simple fact that there is only one State of New York, and whether letters are capitalized or not, there simply is no difference in their application. Plaintiff's arguments to the contrary are illogical, frivolous, and a waste of the Court's time.

Judge Noonan "did not perform any judicial function but he failed to perform his ministerial function." Dkt. #6, ¶58.

At the same time Plaintiff filed his response, he also filed a "Motion to Challenge Constitutional Standing." Dkt. #7. That motion, which is identical to ones Plaintiff has filed in at least two other cases in this district (*see* Motion to Challenge Constitutional Standing, *Wik v. Swapceinski*, No. 11-CV-6220 (W.D.N.Y. Jan. 20, 2012), Dkt. #28; Motion to Challenge Constitutional Standing, *Wik v. City of Rochester*, 07-CV-6541 (W.D.N.Y. Sep. 3, 2013), Dkt. #142), essentially argues that this Court is not an Article III Court.

DISCUSSION

I. Motion to Dismiss

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metropolitan Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations ... a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). A pleading that consists of "labels and conclusions" or "a formulaic recitation of the

2

elements of a cause of action will not do." *Twombley*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.

When the Plaintiff is *pro se*, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Accordingly, the Court interprets Plaintiff's pleadings "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

II. Judicial Immunity

It is well-settled that judges are immune from liability under the doctrine of absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Under the doctrine of judicial immunity, judges who act within their judicial capacity are immune from suit for monetary damages, so long as they do not act in the clear absence of jurisdiction. *Mireles*, 502 U.S. at 12; *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005). The doctrine benefits the public by allowing judges to discharge their duties "with independence and without fear of consequences." *Huminski*, 396 F.3d at 74 (quoting *Pierson v. Ray*, 386 U.S. 547, 554, (1967)); *see Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 885 (2d Cir. 1990) ("[J]udicial immunity ... protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants.") (internal quotation marks omitted).

When determining if a judge's actions merit immunity, the Second Circuit has instructed that:

> First, a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority; rather, he will be subject to liability only when he has acted *in the clear absence of all jurisdiction*.... Second, a judge is immune only for actions performed in his judicial capacity.

3

*Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997) (citation and internal quotation marks omitted) (emphasis in original). Allegations of bad faith or malice do not suffice to abrogate judicial immunity, "even though unfairness and injustice to a litigant may result on occasion." *Id.* at 932 (internal quotation marks omitted).

In this case, Plaintiff alleges that he submitted a Petition for a Writ of Habeas Corpus to Judge Noonan, and that Judge Noonan thereafter failed to issue the requested Writ. Assuming this is true, as the Court must in deciding a motion to dismiss, Plaintiff's Complaint does not state a claim upon which relief can be granted. Responding to a petition for a Writ of Habeas Corpus is plainly a "judicial" action, shielded by absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978) (holding that a judicial act is a "type of act normally performed only by judges"); *Gross v. Rell*, 585 F.3d 72, 85 (2d Cir. 2009) (holding that ruling on applications and related matters are judicial functions within the realm of a judge).

It also does not matter what action Judge Noonan decided to take on the writ, because "[e]ven if [the Judge] had improperly denied the writ, however, the doctrine of judicial immunity would exempt him from liability." *Conner v. Alston*, 701 F. Supp. 376, 377 (E.D.N.Y. 1988), citing *Stump v. Sparkman*, 435 U.S. at 355–57.

As Judge Noonan's acts at all times relevant to this action were judicial in nature and were taken in his judicial capacity, he is entitled to absolute judicial immunity. As a result, Defendant's Motion to Dismiss is GRANTED.

III. Motion to Challenge Constitutional Standing

Plaintiff has also filed a "Motion to Challenge Constitutional Standing." Dkt. #7. This filing merits scant discussion. The motion is virtually identical to one that Plaintiff has filed in other cases he has commenced in this district, and which has been previously denied as being

4

frivolous. In short, Plaintiff claims that the "district court of the United States is not the same as the United States District Court," Dkt. #7, ¶10, that this "matter is not being heard by a Constitutional Article 3 Court", ¶13. Plaintiff is simply wrong, and this Court finds the motion to be entirely without merit and frivolous. As such, the motion is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Challenge Constitutional Standing (Dkt. #7) is DENIED. Defendant's Motion to Dismiss (Dkt. # 3) is GRANTED, this action is dismissed with prejudice, and the Clerk is directed to close this case.

IT IS SO ORDERED.

DATED:   Rochester, New York
         December 17, 2013

_____
HON. FRANK P. GERACI, JR.
United States District Judge

5