UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL J. WIK,

                Plaintiff,

                                          Case #12-CV-6400-FPG

v.

                                          DECISION AND ORDER

ROBERT C. NOONAN,

                Defendant.
_____

On the same day *pro se* Plaintiff Daniel Wik filed a Notice of Appeal regarding this action, he also filed a "Motion for Waiver of Filing Fees/Charge." Dkt. #11. The motion is denied.

According to the motion, Plaintiff "has no record or evidence that any fees, court costs, penalties or any other financial medium is required to be paid" in order to file a Notice of Appeal in this action. Plaintiff also states that he "has a Right (sic) to proceed without pre (sic) or post payment of fees or costs" and that "filing fee rules were originally implemented for legal entities, subjects of government, and those utilizing the courts as a business or trade in commerce, and should not be applied to the Plaintiff who is a natural Man (sic) in the private and entitled to relief." *See* Dkt. #11.

Plaintiff's argument that he has no evidence that a filing fee is required in order to file a Notice of Appeal is disingenuous, given that he has previously filed a Notice of Appeal in two other Western District of New York cases, paid the filing fee in each, and those cases remain pending before the United States Court of Appeals for the Second Circuit ("Second Circuit"). *See Wik v. Kunego*, docket numbers 11-CV-6205 (W.D.N.Y.) and 12-4518 (2d Cir.) and *Wik v. City of Rochester*, docket numbers 07-CV-6541 (W.D.N.Y.) and 13-4204 (2d Cir.).

In any event, Federal Rule of Appellate Procedure 3(e) provides that "[u]pon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals." Title 28, United States Code, Section 1913 authorizes the Judicial Conference of the United States to proscribe the "fees and costs to be charged and collected in each court of appeals," and the listing of these fees can be found on the Second Circuit's public website[1]. As is listed on the website, the fee to file a Notice of Appeal is $505.00.

Plaintiff's other arguments lack any arguable basis in fact or in law, and I find them to be frivolous. Just as one example, Plaintiff cites *Hale v. Henkel*, 201 U.S. 43 (1906) as support for his argument that filing fee rules were intended for business entities, as opposed to individual litigants. *Hale* says nothing to that effect, and has absolutely nothing to do with filing fees. Rather, *Hale* deals with witness immunity and refusing to comply with a grand jury subpoena. Plaintiff has either never read the Supreme Court's decision in *Hale* (but cited it to this Court anyways), or is citing irrelevant authority to the Court for an unknown purpose.

Although Plaintiff has not specifically requested this relief, because of Plaintiff's *pro se* status, I have also viewed the motion as a request to proceed *in forma pauperis* on appeal. However, Plaintiff has provided no financial information in his application, and I therefore cannot make a determination as to whether or not Plaintiff would qualify to proceed *in forma pauperis*. As a result, the application to proceed *in forma pauperis* is also denied.

---

[1] http://www.ca2.uscourts.gov/clerk/case_filing/fee_schedule.html.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's "Motion for Waiver of Filing Fees/Charge" (Dkt. #11) is denied in all respects, and the filing fee of $505.00 is due immediately to the Clerk of the Court for the Western District of New York. Any further applications to proceed *in forma pauperis* shall be made upon motion directly to the Second Circuit, in accordance with Fed. R. App. P. 24(a)(5).

   IT IS SO ORDERED.

DATED:   Rochester, New York
         March 11, 2014

_____
HON. FRANK P. GERACI, JR.
United States District Judge